UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **WRTGC-COMMERCIAL, LLC,** </br> d/b/a/ Cantrell-Griffin Business Brokers, </br> an Arkansas LLC, </br> </br> Plaintiff, </br> </br> v. </br> </br> **PRECISION COMMUNICATIONS, INC.,** </br> an Oklahoma corporation, and </br> **KAREN KYMAN,** </br> a resident of the state of Oklahoma, </br> </br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> )   Case No. 20-CV-0162-CVE-CDL </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**OPINION AND ORDER**

Before the Court are defendants Precision Communications, Inc. (PCI) and Karen Kyman's motion to reconsider the Court's August 27, 2021 opinion and order (Dkt. # 105); plaintiff WRTGC-Commercial, LLC's (WRTGC) response (Dkt. # 106); defendants' reply (Dkt. # 110); and defendants' motion for the Court to take judicial notice (Dkt. # 112).

On August 27, 2021, the Court entered an opinion and order (Dkt. # 100) granting plaintiff's partial summary judgment motion against defendant PCI for a 6% commission on the sale of PCI's assets, in the amount of $82,496.01; granting in part defendants' motion for summary judgment as to the breach of contract claim against Kyman, the declaratory judgment claim against Kyman, and the quantum meruit claim against PCI for the sale of its assets; and denying in part defendants' motion for summary judgment as to the breach of contract claim against PCI, the declaratory judgment claim against PCI, the claims of fraud against PCI and Kyman, and the quantum meruit

claims against Kyman for the sale of her personal goodwill and the real estate owned by the Karen S. Kyman revocable trust.  Dkt. # 100, at 29-30.

On September 27, 2021, defendants moved, pursuant to Fed. R. Civ. P. 54(b), for the Court to reconsider its August 27, 2021 opinion and order (Dkt. # 100) as to 1) "the Court's ruling that [p]laintiff's quantum meruit claim is not dismissed"; 2) "the Court's incorrect finding that [p]laintiff seeks to recover a commission on the sale of real estate in this case"; and 3) "the Court's incorrect finding that [d]efendants have not alleged a claim against [p]laintiff for breach of fiduciary duty."[1] Dkt. # 105, at 2.

## I.

Under Fed. R. Civ. P. 54(b), a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  The Supreme Court has found that "every order short of a final decree is subject to reopening at the discretion of the district judge."  Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 (1983) (citing Fed. R. Civ. P. 54(b)); see also Price v. Philpot, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (citing Moses H. Cone, 460 U.S. at 12, for the proposition that non-final orders are subject to reopening at the district judge's discretion).

---

[1] The Court notes that it provided an in-depth account of the relevant factual background in its August 27, 2021 opinion and order (Dkt. # 100) and will not re-summarize the facts here.

## II.

Defendants argue that the Court should revisit its findings on the following grounds:

    a.    *Plaintiff's Quantum Meruit Claim for the Sale of Kyman's Personal Goodwill*

Defendants argue that plaintiff's quantum meruit claim was "alleged only if the written contract was deemed void"; thus, because the Court found that the written contract was not void, plaintiff's quantum meruit claim must be dismissed. Dkt. # 105, at 3-4. The Court declines to reconsider its prior ruling on the issue of plaintiff's remaining quantum meruit claim against defendant Kyman as to a commission on the sale of Kyman's personal goodwill. Specifically, in its prior opinion and order (Dkt. # 100), the Court found that plaintiff established that there was a valid contract between PCI and plaintiff (the business listing contract) as to the sale of PCI's assets. Dkt. # 100, at 23. Additionally, the Court found that defendant Kyman--in her personal capacity--was not a party to the at-issue business listing contract between plaintiff and PCI. Id. at 18-19. However, the Court also found that Kyman's personal goodwill was a personal asset, not a PCI asset. Id. at 25. Finally, the Court found that "[p]laintiff asserts claims for relief against [Kyman] that do not depend on whether she is a party to the listing contract, namely fraud and quantum meruit[;] [s]pecifically, . . . [plaintiff's] claim for quantum meruit for brokering the sale of Kyman's personal goodwill." Id. at 26-27. Therefore, because the Court found that Kyman was not a party to the valid listing contract, the contract's validity is irrelevant to plaintiff's quantum meruit claim against Kyman for brokering the sale of her personal goodwill (which is not a PCI asset within the scope of the listing agreement).

The Court notes defendants' argument that plaintiff's quantum meruit claim was conditioned on the validity of the listing agreement. Dkt. # 105, at 3-4. However, the Court declines to read

3

plaintiff's second amended complaint in such a hyper-technical manner. It is clear from the face of the second amended complaint that plaintiff intended to bring a quantum meruit claim against Kyman--who is included in the term "Seller" in the second amended complaint, Dkt. # 95, at 1--as to brokering the sale of all goodwill, including Kyman's personal goodwill. Dkt. # 95, at 6. Therefore, the Court properly denied defendants' summary judgment motion as to plaintiff's quantum meruit claim against Kyman for the sale of her personal goodwill, and defendants' motion to reconsider (Dkt. # 105) should be denied on this issue.

      b.      *Quantum Meruit Claim for Commission for Sale of Real Estate*

Defendants argue that the Court should revisit its finding that defendants' motion for summary judgment should be denied as to plaintiff's quantum meruit claim against Kyman for the sale of the real estate owned by Karen S. Kyman revocable trust. Dkt. # 105, at 5. Specifically, defendants argue that "plaintiff does not seek to recover a commission on the sale of the trust's real estate in this case."[2] Id. Plaintiff confirms that it "is not seeking to recover a commission in the sale of the real estate in this action." Dkt. # 106, at 4.

The Court notes that in its second amended complaint (Dkt. # 95), plaintiff alleges that it has "suffered damages for the value of services which is 6% of the amount received and/or to be received by Seller for the sale of assets related to [PCI]," not owned by PCI, "including the equipment and all goodwill." Dkt. # 95, at 6 (emphasis added). Additionally, plaintiff argues in its response to defendants' motion for summary judgment (Dkt. # 58)--without specificity as to the sale of personal

---

[2]    The Court notes that defendants also moved the Court to take judicial notice of a state court case as to the issue of real estate commission owed to plaintiff. Dkt. # 112. The Court has reviewed the state court order (Dkt. # 112-1); therefore, defendants' motion for the Court to take judicial notice (Dkt. # 112) should be granted.

4

goodwill only, or real estate as well--that it has asserted a claim against Kyman for quantum meruit. Dkt. # 58, at 16-17. Plaintiff's exhibits, submitted in support of its response, include Promise Three, LLC's (the Buyer) letter of intent to Karen Kyman as to the acquisition of PCI, which explicitly includes real estate in the total purchase price. Dkt. # 58-14, at 2.

Notwithstanding, the Court's earlier opinion and order (Dkt. # 100) was not a final disposition of the case; thus, it is a non-final order that, at the Court's discretion, may be revised at any time before a final judgment is entered. See Moses H. Cone, 460 U.S. at 12; see also Fed. R. Civ. P. 54(b). In light of the parties' clarification that plaintiff does not seek a real estate commission in this action, the Court chooses to exercise its discretion to revise its earlier ruling, which preserved potential recovery of a real estate commission as part of plaintiff's quantum meruit claim for relief, Dkt. # 100, at 29-30 (ordering that defendants' motion for summary judgment (Dkt. # 48) is "denied in part as to . . . the quantum meruit claims against Kyman for the sale of . . . the real estate owned by Karen S. Kyman revocable trust"). Therefore, the Court finds that its prior ruling (Dkt. # 100) should be vacated in part as to preserving a quantum meruit claim for the commission on the sale of real estate owned by Karen S. Kyman revocable trust.

  c. *Defendants' Claim for Breach of Fiduciary Duties*

Defendants argue that "the Court [was] incorrect" in finding that defendants never asserted a counterclaim for breach of fiduciary duty. Dkt. # 105, at 6. The Court declines to reconsider its prior ruling on the issue of whether defendants' sufficiently alleged a counterclaim for breach of fiduciary duty. Specifically, counterclaims are subject to the same pleading standard articulated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). That is, a counterclaim is insufficient when it states no "more than labels and conclusions,

5

and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.  A counterclaim must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted).  Here, defendants argue that they stated a sufficient counterclaim that plaintiff, "if it is determined to have acted here through its representative [Stewart] Nance, has committed fraud, deceit, constructive fraud, breach of fiduciary duty, breach of duty of loyalty, and breach pf perfect good faith." Dkt. # 105, at 7.  First, the Court found in its August 27, 2021 opinion and order (Dkt. # 100) that plaintiff is licensed to do business in Oklahoma, and that Nance, the broker who negotiated the sale of PCI's assets, is an independent contractor for plaintiff.  Dkt. # 100, at 16.  Second, defendants' allegations are mere labels and conclusory allegations--no more than a recitation of potential causes of action.  Therefore, the Court finds that defendants do not state an adequate counterclaim that is plausible on its face, and defendants' motion to reconsider (Dkt. # 105) should be denied on this issue.

**IT IS THEREFORE ORDERED** that defendants' motion to reconsider (Dkt. # 105) is **granted in part** as to plaintiff's quantum meruit claim for the sale of real estate owned by Karen S. Kyman revocable trust; and **denied in part** as to 1) plaintiff's quantum meruit claim against Karen Kyman for the commission on the sale of her personal goodwill, and 2) defendants' counterclaim for breach of fiduciary duties.

**IT IS FURTHER ORDERED** that the Court's prior ruling (Dkt. # 100) is **vacated in part** as to preserving a quantum meruit claim for commission on the sale of real estate owned by Karen S. Kyman revocable trust.

**IT IS FURTHER ORDERED** that defendants' motion for the Court to take judicial notice (Dkt. # 112) is **granted**. The Court has taken judicial notice of the state court case attached as an exhibit to defendants' motion (Dkt. # 112-1).

**DATED** this 11th day of April, 2022.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE